

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
ATTORNEY GENERAL

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Mr. Wyche:

Opinion No. O-2379
Re: Authority of the Commissioners'
Court of a county to construct
a jail and Justice of the
Peace courthouse in a precinct
other than the precinct where
the courthouse is located, and
to pay to any person other than
the sheriff a board bill for
prisoners.

This will acknowledge receipt of your letter of
May 16, 1940, making a request for a legal opinion as fol-
lows:

"Has the Commissioners' Court the
power and authority to construct a jail
and J. P. courthouse in a precinct
other than the precinct where the court-
house is located within the county?
Second, has the court authority to pay
any other officer a board bill for
prisoners other than the sheriff?"

This department has held that a county is author-
ized to build and maintain more than one jail in the county,
Opinions Nos. O-14 and O-2201.

We have held, however, in Opinion No. O-1976 that
a county is not required to furnish an office for Justices
of the Peace in counties where the population is less than
ten thousand.

Article 2379 of Vernon's Annotated Civil Statutes
reads as follows:

"When the Justice precinct where the courthouse of any county is located contains more than seventy-five thousand inhabitants, the Commissioners' Court of said county shall provide and furnish a suitable place in such courthouse for such Justice to hold court."

This department held in Conference Opinion No. 2328 (Opinions of the Attorney General 1920-1922, p. 439) that this statutory authority to furnish an office to a Justice of the Peace is the only authority for furnishing a Justice of the Peace with a court room.

With respect to feeding prisoners, we held in Opinion No. O-329 that the sheriff has the authority and is authorized by statute to feed and purchase all supplies necessary for the maintenance of prisoners, and that such authority is not conferred upon the Commissioners' Court, either directly or indirectly.

In Opinion No. O-1242 we held that where a sheriff is compensated on a salary basis, the Commissioners' Court is unauthorized to pay him any fee whatsoever for services performed, and cannot allow him any specific sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody. Copies of these opinions are likewise being handed to you.

We trust what we have said, together with the enclosures herewith, will have satisfactorily answered your questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR
Enclosures

APPROVED JUN 1, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN